**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE BALVERDE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>LUNELLA RISTORANTE, INC. d/b/a LUNELLA RISTORANTE, and GAETANA RUSSO, Jointly and Severally,<br><br>Defendants. | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Jose Balverde ("Balverde" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a former server at Defendants' restaurant located in the Little Italy neighborhood of Manhattan. While working for Defendants, he was improperly paid the "tipped" minimum wage, did not receive wages for all hours worked, and was not paid any wages, let alone overtime premiums, for hours worked over forty (40) in a given workweek. Plaintiff also did not receive spread-of-hours premiums, a proper wage notice, or all tips to which he was entitled.

2. Plaintiff brings this action to recover unpaid minimum wage and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*. Plaintiff also brings claims for unpaid spread-of-hours premiums, for unpaid gratuities, and for failure to provide proper wage notices pursuant to NYLL §§ 190 *et seq*. and the supporting regulations.

3. Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all servers, bartenders, dishwashers, food preparers, kitchen employees and all other non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

7. Plaintiff Balverde was, at all relevant times, an adult individual residing in Queens County, New York.

8. During the relevant time period, Plaintiff performed work for Defendants at

Lunella Ristorante, located at 173 Mulberry Street, New York, New York 10013.

9. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10. Upon information and belief, Lunella Ristorante, Inc. d/b/a Lunella Ristorante ("Lunella" or the "Corporate Defendant") is an active New York Corporation with its principal place of business at 173 Mulberry Street, New York, New York 10013.

11. Defendant Gaetana Russo ("Russo" or the "Individual Defendant" and, collectively with the Corporate Defendant, the "Defendants") is an owner and operator of the Corporate Defendant who sets the Corporate Defendant's payroll policies, including the unlawful practices complained of herein.

12. Defendant Russo participated in the day-to-day operations of the Corporate Defendant and acted intentionally in her direction and control of Plaintiff and the Corporate Defendant's other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

13. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

14. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

15. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

16. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since July 15, 2012 and through the entry of judgment in this case (the "Collective Action Period") who worked as servers, bartenders, dishwashers, food preparers, kitchen employees, and all other non-management employees (the "Collective Action Members").

18. A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week.  As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

19. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ALLEGATIONS

20. Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the

4

following class:

> All persons employed by Defendants in New York at any time since July 15, 2009 and through the entry of judgment in this case (the "Class Period") who worked as servers, bartenders, dishwashers, food preparers, kitchen employees and all other non-management employees (the "Class Members").

21. <u>The Class Members are readily ascertainable</u>. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure 23.

22. <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

23. Upon information and belief, there are in excess of forty (40) Class Members.

24. <u>Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members</u>. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

   a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

   c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members wages for all hours worked;

   d. whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

   e. whether Defendants failed and/or refused to pay Plaintiff and the Class Members

   overtime premiums for hours worked in excess of forty (40) hours per workweek;

   f. whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

   g. whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of his employment and/or on February 1 of each year as required by the NYLL;

   h. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

   i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

25. <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, is a restaurant employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid less than the statutory minimum wage for all hours worked, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, not paid spread-of-hours premiums and he did not receive proper wage notices or all of the tips to which he was entitled. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

26. <u>Plaintiff and his Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

27. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

28. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

29. Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

30. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## **STATEMENT OF FACTS**

**Defendants' Restaurant**

31. At all relevant times, Defendants have been in the food service business. Upon information and belief, Defendant Russo has owned, operated, and managed Lunella Ristorante since it opened in 2001.

32. According to Defendants' website, "Lunella Ristorante opened in 2001, operated by an Italian immigrant family that has owned and operated various restaurants on Mulberry Street for generations."

33. According to Defendants' website, Lunella Ristorante is open Sundays to Thursdays from 12:00 pm to 12:00 am, and Fridays and Saturdays from 12:00 pm to 1:00 am. (www.lunellas.com)

34. Defendant Russo is a constant presence in the restaurant and takes an active role in ensuring that the restaurant is run in accordance with her procedures and policies.

**Plaintiff's Work for Defendants**

35. <u>Plaintiff Balverde</u> was employed by Defendants as a server at Lunella Ristorante from in or around December 2014 through on or about May 15, 2015 (the "Balverde Employment Period").

36. Throughout the Balverde Employment Period, Plaintiff was typically scheduled to work six (6) days per week, between nine and ten (9-10) hours per day, and sometimes substantially more. When Balverde was scheduled to open the restaurant, he worked from approximately 11:30 am to between approximately 9:00 pm and 9:30 pm, and when he was scheduled to close the restaurant, he typically worked from approximately 12:00 pm to between approximately 9:00 and 10:00 pm, and sometimes much later, depending on how busy the restaurant was that day. On weekends, Balverde frequently worked twelve (12) or more hours per day. In total, Balverde worked between approximately sixty and sixty-two (60-62) hours per week, and sometimes more. During street fairs, the restaurant was frequently open for fourteen to fifteen (14-15) hours per day; on those occasions Plaintiff and other employees worked well in excess of twelve (12) hours per day.

37. For his work, as a server, Plaintiff Balverde was paid the tipped minimum wage of five dollars ($5.00) per hour for eight (8) hours per day, plus a portion of the gratuities he received in cash and credit card. He was not compensated for hours worked beyond eight (8) hours per day even though he typically worked between nine and ten (9-10) hours per day and sometimes more. In addition, shortly after he was hired, Plaintiff Balverde was informed by a manager that on the sixth day that he worked during a week, he would be paid in tips only and therefore was instructed not to punch in or punch out on the sixth day that he worked during each workweek.

38. Balverde was paid on a weekly basis via paycheck, which was accompanied by a paystub that typically showed an inaccurate calculation of his hours worked.

39. Balverde tracked his hours worked by punching in and out on a time-tracking machine. However, upon information and belief, Defendants did not pay Plaintiff or the Class Members according to the number of hours shown by the time-tracking machine but rather paid eight (8) hours per day regardless of the number of hours actually worked by employees.

40. Although Plaintiff Balverde typically worked well in excess of forty (40) hours in a given work week, his wage statements consistently showed an inaccurate calculation of forty (40) or fewer hours worked per week. Specifically, his paystubs typically showed eight (8) hours of work per day and were typically short by one (1) full day of work.

41. Throughout his employment with Defendants, Plaintiff Balverde and Defendants' other servers and bartenders participated in a tip pool whereby all of their tips were pooled and distributed. Throughout the Balverde Employment Period, Defendants retained five per cent (5%) of the total amount of pooled gratuities and set aside this amount as an additional compensation for the manager of the restaurant. Defendants also retained an additional four percent (4%) of credit card tips.

42. Throughout the Balverde Employment Period, Plaintiff and Class Members' wages were deducted for meals each day that they worked, despite the fact that Plaintiff and other Class Members typically did not have breaks for meals or, if they were able to take a break, the break was for no longer than ten (10) to fifteen (15) minutes.

43. Although Balverde typically worked in excess of forty (40) hours per week, he was not paid any wages, let alone overtime premium pay, for the hours he worked in excess of eight (8) hours per day and forty (40) hours in a given workweek. Defendants paid Balverde and

Class Members for eight (8) hours per day, no more than forty (40) hours per week, although they typically worked well in excess of forty (40) hours per week.

44. Throughout his employment with Defendants, Plaintiff Balverde regularly worked shifts in excess of ten (10) hours in one day, yet Defendants failed to pay Plaintiff spread of hours premiums consisting of an extra hour of minimum wage for such days. Defendants' failure to pay Plaintiff spread of hours premium pay for working shifts in excess of ten (10) hours in a day was a corporate policy of Defendants which applied to all Class Members.

45. Plaintiff have spoken with other servers and other hourly employees of Defendants, who were similarly required to work in excess of forty (40) hours per week during the Class Period and similarly did not receive any wages, let alone overtime premium pay, for hours worked over forty (40) per workweek. Defendants' failure to pay Plaintiffs and Class Members minimum wage for all hours worked was a corporate policy of Defendants, which applied to all of their employees during the relevant period.

46. At no point during Balverde's employment did he receive a wage notice showing his hourly or overtime rate or any indication that Defendants were relying upon the tip credit in calculating his hourly rate.

**Defendants' Unlawful Corporate Policies**

47. Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wages and overtime premiums.

48. Upon information and belief, Defendants' back-of-the-house employees were also required to work in excess of 40 hours per week and were paid a flat weekly rate that did not include overtime premiums or spread-of-hours premiums.

49. Notwithstanding the fact that that Plaintiff and other Class Members frequently worked more than ten (10) hours in a given day, Defendants failed to pay them spread of hours premiums equal to an additional hour of minimum wage for each day working in excess of ten (10) in a given day. Defendants' failure to pay Plaintiff and Class Members spread of hours premiums was a corporate policy that applied to all of Defendants' employees working shifts of more than ten hours in one day and/or split shifts.

50. Plaintiff have spoken with other employees of Defendants, who similarly worked in excess of forty (40) hours per week during the Class Period and were similarly not paid any wages, let alone overtime premiums, for hours worked over forty (40). Defendants' failure to pay Plaintiff and Class Members overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

51. Defendants did not provide Plaintiff or Class Members with proper wage notices at the time of hire or by February 1 of each year.

52. Defendants did not notify Plaintiff or the Class Members that they were relying upon the tip credit in calculating their hourly rate.

53. Because Defendants routinely violated the requirements for taking the tip credit, Defendants were not entitled to pay Plaintiff and the Class Members the New York "tipped" minimum wage and instead were obligated to pay Plaintiff and the Class Members the full statutory minimum wage.

54. Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**

55. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

56. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. By failing to pay Plaintiff and the Collective Action Members for all hours worked and failing to notify Plaintiff and the Collective Action Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

59. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

60. By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

62. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

63. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

64. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked and by improperly paying the "tipped" minimum wage, in violation of the NYLL and regulations promulgated thereunder.

65. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  By failing to pay Plaintiff and the Class Members for all hours worked and failing to notify Plaintiff and the Class Members that they were relying on the tip credit in calculating employees' hourly rates, Defendants lose the ability to utilize a tip credit against the FLSA's minimum wage.  Therefore

Plaintiff and the Class Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME

66. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

68. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS

69. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

71. Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq*.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE

72. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

73. Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the

15

telephone number of the employer; plus such other information as the commissioner deems material and necessary.

74. Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNLAWFUL WITHHOLDING OF GRATUITIES

75. Plaintiff, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

76. Defendants have willfully failed to compensate Plaintiff and the Class Members for all gratuities earned by withholding a portion of gratuities left by customers for Plaintiff and the Class, in violation of § 196-d of the New York Labor Law. Accordingly, Defendants are required to compensate Plaintiff and the Class Members for all gratuities withheld by Defendants.

77. Due to the Defendants' New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid gratuities, damages for unreasonably delayed payment of wages liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et al.*, 196-d.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.  Fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b.

j.  An award of prejudgment and post-judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      July 15, 2015

                                              PELTON & ASSOCIATES PC

                                              By:  */s/ Brent E. Pelton*
                                              Brent E. Pelton (BP 1055)
                                              Taylor B. Graham (TG 9607)
                                              111 Broadway, Suite 1503
                                              New York, New York 10006
                                              Telephone: (212) 385-9700
                                              Facsimile: (212) 385-0800

                                              *Attorneys for Plaintiff, the putative collective and class*

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Lunella Ristorante Inc. y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_[signature]_ 05/27/15  José Balverde
Firma  Fecha  Nombre Escrito