UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE BALVERDE, individually and on behalf of all others similarly situated,

                Plaintiffs,

- against -

LUNELLA RISTORANTE, INC. d/b/a LUNELLA RISTORANTE, and GAETANA RUSSO, jointly and severally,

                Defendants.

**OPINION AND ORDER**

15 Civ. 5518 (ER)

Ramos, D.J.:

    Named Plaintiff Jose Balverde ("Balverde") and opt-in Plaintiff Carlos Garcia ("Garcia") (collectively, "Plaintiffs") bring this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Compl., Doc. 1. Plaintiffs allege that they and all other similarly situated employees are entitled to wrongly withheld gratuities, as well as minimum wage, overtime, and spread-of-hours pay from a Manhattan restaurant operating under the name Lunella Ristorante.

    Plaintiffs bring this suit against corporate defendant Lunella Ristorante, Inc. d/b/a Lunella Ristorante ("Lunella"), and individual defendant Gaetana Russo (collectively, "Defendants"). Plaintiffs allege that Defendant Gaetana Russo is the owner and operator of Lunella, and thus constitutes an "employer" pursuant to the FLSA. Compl. ¶¶ 11-12.

    Plaintiff Balverde asserts that he was employed as a server at Lunella from December 2013 to May 15, 2015. Declaration of Brent E. Pelton in Support of Plaintiffs' Motion for Conditional Certification, Doc. 25, Ex. B ("Balverde Decl."), ¶ 1. Plaintiff Garcia asserts that he was employed as a server at Lunella from February 2014 to June 2014, and as a server/runner

from June 2014 to October 2014.  Declaration of Brent E. Pelton in Support of Plaintiffs' Motion for Conditional Certification, Doc. 25, Ex. C ("Garcia Decl."), ¶ 1.  Balverde and Garcia claim that during their employment at Lunella they regularly worked more than forty hours per week, but were denied the full minimum wage, overtime, and spread-of-hours pay to which they were entitled under the FLSA and NYLL.  They further claim that the restaurant unlawfully retained five percent of gratuities collected in a "tip pool" that they were required to participate in with all the other servers, bartenders, and runners at the restaurant.  Balverde Decl. ¶¶ 3-9; Garcia Decl. ¶¶ 3-8; *see also* Compl. ¶¶ 36-44.  Balverde and Garcia allege that the restaurant's failure to pay overtime premiums was "a corporate policy that applied to all non-management employees," including both "front of the house" employees such as servers, runners, and bartenders, and "back of the house" employees like dishwashers, food preparers, and kitchen workers.  Balverde Decl. ¶ 12; Garcia Decl. ¶ 10.

There are two motions before this Court.  First, on November 19, 2015, Plaintiffs moved for conditional certification of a FLSA Collective Action constituting all hourly paid, non-managerial employees who worked at Lunella since July 15, 2012, and asked the Court to authorize notice to the collective.  Doc. 23.  This motion is GRANTED in part and DENIED in part.

Second, on December 8, 2015, Defendants moved under Federal Rule of Civil Procedure 12(b)(6), 12(c), and/or 56 to dismiss Plaintiff Garcia from the case, arguing that he signed a statement stating that he "received payment in full for every day/hour of [his] employment at Lunella," and that he is "not owed any further wages, tips, or salary."  Doc. 28.  This motion is DENIED.

**I. Conditional Certification of FLSA Collective Action**

   **A. Legal Standard**

Pursuant to the FLSA, an individual may file suit against an employer on behalf of himself and "other employees similarly situated" who give "consent in writing" to become party plaintiffs. 29 U.S.C. § 216(b) (2012). "District courts have discretion to facilitate this collective action mechanism by authorizing that notice be sent to potential plaintiffs informing them of 'the pendency of the action and of their opportunity to opt-in as represented plaintiffs.'" *Mark v. Gawker Media LLC*, No. 13 Civ. 4347 (AJN), 2014 WL 4058417, at *2 (S.D.N.Y. Aug. 15, 2014) (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010)).

The Second Circuit Court of Appeals has endorsed a two-step framework for determining whether a court should certify a case as a collective action under § 216(b). *See Myers*, 624 F.3d at 554-55; *see also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016). This process entails an analysis of whether prospective plaintiffs are "similarly situated" at two different stages: an early "notice stage," and again after discovery is largely complete. *See McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009)). At stage one, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the Plaintiffs with respect to whether a FLSA violation has occurred." *Myers*, 624 F.3d at 555 (citations omitted). At stage two, after additional plaintiffs have opted in, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the Plaintiffs." *Id.* If the court concludes that they are not similarly situated, the action may be "de-certified," and the opt-in plaintiffs' claims "may be dismissed without prejudice." *Id.*

Here, Plaintiffs seek an initial determination of the propriety of notice to putative opt-in plaintiffs. "Because minimal evidence is available" at this early stage of the proceedings, and because the Court "retain[s] the ability to reevaluate whether the plaintiffs are similarly situated," Plaintiffs face a "'relatively lenient evidentiary standard.'" *McGlone*, 867 F. Supp. 2d at 442 (quoting *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007)). They must only make "a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (Sotomayor, J.)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." *Id.* (citations omitted). "Accordingly, in deciding whether to grant the [p]laintiffs' motion, the Court must merely find 'some identifiable factual nexus which binds the [p]laintiffs and potential class members together as victims of a particular practice.'" *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 346 (E.D.N.Y. 2012) (quoting *Sbarro*, 982 F. Supp. at 261).

In considering Plaintiffs' motion, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Lynch v. United Servs. Auto. Ass'n.*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) (citation omitted). It merely "examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated." *McGlone*, 867 F. Supp. 2d at 442 (citation omitted). If the Court finds that they are, it will conditionally certify the class and order that notice be sent to potential class members. *Id.* (citation omitted).

B.  Discussion

Plaintiffs seek to conditionally certify a collective that spans all eligible employees of Lunella, arguing that all are similarly situated with respect to Defendants' policy and practice of denying minimum and overtime wages.  Specifically, Plaintiff seek a collective that includes:

> All persons employed by Defendants at any time since July 15, 2012 and through the entry of judgment in this case . . . who worked as servers, bartenders, dishwashers, food preparers, kitchen employees, and all other non-management employees . . . .

Compl. ¶ 17.

Defendants argue that Plaintiffs have not met their burden of demonstrating that Plaintiffs and potential opt-in plaintiffs were victims of a common policy or plan that violated the law. They claim that Plaintiffs have merely proffered "unsupported assertions and conclusory allegations" to establish a similarly situated class.  Defendant's Memorandum of Law in Support of Cross Motion to Dismiss and in Opposition to Plaintiffs' Motion to Conditionally Certify a Class, Doc. 30, at 3.

The Court finds that the declarations of Plaintiffs Balverde and Garcia provide the modest factual showing required to certify a collective that includes servers, bartenders, and runners.  Specifically, Balverde states that while working as a server for Lunella, he was paid five dollars per hour, plus tips from a tip pool, but did not receive any wages for hours worked beyond eight hours per day, and did not receive any wages for the sixth day he worked in a week.  Balverde Decl. ¶ 4.  Garcia states that this same policy applied to him during his time as a server and runner at Lunella.  Garcia Decl. ¶ 4.  Both Balverde and Garcia state that they had conversations with a number of other servers at the restaurant (whose first names they list) concerning the "restaurant's polices about wages including the lack of overtime payment." Balverde Decl. ¶ 12; Garcia Decl. ¶ 10.  Critically, Balverde and Garcia describe a scheme

5

whereby all servers, bartenders, and runners were required to participate in a tip pool, from which five percent of the total was set aside as additional compensation for the restaurant's general manager.  Balverde Decl. ¶ 9; Garcia Decl. ¶ 8.  Balverde avers that Defendants also withheld four percent of all credit card tips.  Balverde Decl. ¶ 9.

This is a sufficient "minimum level of detail" to justify certification.  *See Reyes v. Nidaja, LLC*, No. 14 Civ. 9812 (RWS), 2015 WL 4622587, at *3 (S.D.N.Y. Aug. 3, 2015) (noting the "consensus" in this district is that "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations").  These factual showings taken together, particularly those about the tip pool from which the restaurant withheld payment, provide an "identifiable factual nexus which binds the [p]laintiffs and potential class members together as victims of a particular practice," that is in violation of the FLSA and NYLL.  *Sbarro*, 982 F. Supp. at 261.

Defendants argue that Plaintiffs must make a more detailed showing.  But courts in this district "routinely certif[y] conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer practices."  *Guo Qing Wang v. H.B. Rest. Grp., Inc.*, No. 14 Civ. 813 (CM), 2014 WL 5055813, at *4 (S.D.N.Y. Oct. 7, 2014) (collecting cases, and certifying collective based on single plaintiff's personal knowledge based on "his observations and his conversations with his coworkers"); *see also Ramos v. Platt*, No. 13 Civ. 8957 (GHW), 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014) ("[C]ontrary to Defendants' arguments, conditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits."); *Hernandez v. Bare Burger Dio Inc.*, No. 12 Civ. 7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013)

(collecting cases to support proposition that "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit").

Furthermore, Defendants overstate the degree to which the affidavits here lack specificity. Defendants focus solely on the lack of detail plaintiffs' provided about the conversations they had with co-workers concerning the restaurant's failure to pay overtime. Defendants argue this case is akin to *Sanchez v. JMP Ventures, LLC*, 13 Civ. 7264 (KBF), 2014 WL 465542 (S.D.N.Y. Mar. 10, 2016), in which the plaintiff only made general allegations of a "common practice" based on "observations" and "conversations" with other employees. The *Sanchez* court denied the plaintiff's motion for conditional certification, because the plaintiff did not "provide *any* detail as to a *single* such observation or conversation." *Id.* at *2.

Tellingly omitted from Defendants opposition, however, is both Garcia and Balverde's description of Lunella's practice of withholding tips from the tip pool. Plaintiffs did not merely state that Lunella's illegal policies were a common practice "based on their observations." They detailed a particular policy whereby all servers, bartenders, and runners, were required to participate in a tip pool, from which the restaurant unlawfully withdrew funds. This observation, in conjunction with the conversations Plaintiffs say they had with other front of the house employees satisfies the modest factual showing that is required for certification of all servers, bartenders, and runners at this stage. "Should facts develop suggesting that any opt-in plaintiffs are not similarly situated, defendants may move for decertification at that time." *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909, at *2 (S.D.N.Y. Jan. 10, 2013).

The Court does not find, however, that Plaintiffs have satisfied their burden of demonstrating that they are similarly situated to back of the house employees. "In the Second Circuit, courts routinely find employees similarly situated 'despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.'" *Guaman v. 5 M Corp.*, No. 13 Civ. 03820 (LGS), 2013 WL 5745905, at *4 (S.D.N.Y. Oct. 23, 2013) (quoting *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010)). Here, however, the Court finds that Plaintiffs have failed to muster a showing of a common policy or practice that applied to back of the house employees. The only allegations suggesting that Defendants' failure to pay overtime premiums extended to back of the house employees are Plaintiffs' statements that this was "a corporate policy that applied to all non-management employees," and that they "overheard conversations" amongst kitchen workers and dishwashers. These unsupported assertions and conclusory allegations are insufficient to conditionally certify a class. *See, e.g.*, *She Jian Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3946 (PAE), 2014 WL 5314822, at *3-4 (S.D.N.Y. Oct. 16, 2014) (certifying collective of deliverymen only, because plaintiff provided only "vague, conclusory, and unsupported assertions" about other types of employees). Although Garcia and Balverde state that Defendants' failure to pay overtime was "a corporate policy," they provide no factual basis to indicate that such a policy applied to back of the house employees. The conversations Plaintiffs recount are similarly conclusory. Balverde states, "I heard one of the employees at the kitchen who worked as a food prep, discuss the fact that he worked long hours and was not paid overtime." Balverde Decl. ¶ 12. Garcia states, "I heard one of the dishwashers, 'Marcos,' who told me that dishwashers worked over forty (40) hours in a week and did not receive pay for hours worked over forth (40) in a week." Garcia Decl. ¶ 10. Ultimately, Plaintiffs' complaint

and affidavits do not contain factual allegations specific to other types of employees besides servers, bartenders, and runners, such as "the specific hours worked by, or the amounts paid to, other employees."[1]  *Guo*, 2014 WL 5314822, at *3.  Therefore, Plaintiffs' motion for conditional certification is granted, but given the information presently before the Court, the class shall only include servers, bartenders, and runners.

### III. Form and Content of Proposed Notice

The next issue involves the form and method of distribution of the court-authorized notice to be sent to the potential opt-in class of similarly-situated Lunella employees.  "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).  "[T]he district court has discretion regarding the form and content of the notice."  *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (citation omitted).

Here, Plaintiffs submitted a proposed notice, to which Defendants have not objected.  *See* Declaration of Brent E. Pelton in Support of Plaintiffs' Motion to Conditionally Certify a Class, Doc. 25, Ex. D.  Given that there is no objection, and because the Court finds that the form and method of notice proposed by Plaintiffs conforms with those regularly approved by courts in this Circuit, Plaintiffs proposed notice is approved, provided it is modified to apply only to servers, bartenders, and runners.

---

[1] Balverde says in his declaration that one of the kitchen employees "received approximately one hundred and fifty dollars ($150) less of his normal payment without any specific reason" for at least five weeks at the end of his employment.  Balverde Decl. ¶ 12.  However, there is no indication that this was due to the employee not being paid overtime, or that his reduction in pay constituted a FLSA or NYLL violation.

Case 1:15-cv-05518-ER   Document 37   Filed 05/11/16   Page 10 of 11

**IV. Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiff Garcia from this case, pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(c), and/or 56. Defendants point to a written statement purportedly signed by Garcia, which states that upon leaving his employment at Lunella, he "received payment in full for every day/hour of [his] employment" and is "not owed any further wages, tips, or salary." Affirmation of Jared M. Lefkowitz in Support of Defendants Motion to Dismiss, Doc. 29, Ex. A. Defendant argues that "based upon this written and signed statement," Garcia's claims should be dismissed. Def. Opp. & Cross Mot. at 2.

However, Garcia states in his declaration: "When I resigned, [Defendant] Russo directed me to sign a paper saying that I had paid been [sic] correctly, which I was required to sign to get my final payment." Garcia Decl. ¶ 2. The Court, therefore, denies Defendants' motion, given that there is clearly an issue of material fact as to whether Garcia in fact received full payment for his employment at Lunella.

**V. Conclusion**

The Court GRANTS in part and DENIES in part Plaintiffs' motion for conditional certification. (Doc. 23). The Court hereby ORDERS conditional certification of a FLSA collective of all servers, bartenders, and runners employed by Lunella from July 15, 2012 to the present day. Defendants are ORDERED, within twenty-one (21) days of this Opinion and Order, to produce a list of the names and last-known email addresses and mailing addresses of all servers, bartenders, and runners employed at Lunella from July 15, 2012 to the present.

Furthermore, Plaintiffs are hereby ORDERED to submit a newly-revised notice that incorporates the Court's ruling that the class only include servers, bartenders, and runners employed at Lunella from July 15, 2012 to the present.

The Court DENIES Defendants' motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment seeking dismissal of Plaintiff Garcia from this case. Doc. 28.

The Clerk of the Court is respectfully directed to terminate the instant motions, Doc. 23 and Doc. 28.

It is SO ORDERED.

Dated:   May 11, 2016
         New York, New York

                                                          Edgardo Ramos, U.S.D.J.